**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-1180**

---

THOMAS WILLIAM JONES,

Plaintiff - Appellant,

versus

SPRINT INTERNATIONAL,

Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-95-1017-A)

---

Submitted: September 20, 1996      Decided: October 2, 1996

---

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas William Jones, Appellant Pro Se. John Joseph Michels, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, McLean, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals from the district court's order granting the employer's motion for summary judgment in this Americans with Disabilities Act (ADA) claim under 42 U.S.C.A. §§ 12101-12117 (West 1995). After a hearing, the district court granted Appellee's motion for summary judgment. Jones v. Sprint International, No. CA-95-1017-A (E.D. Va. Jan. 5, 1996).

Notwithstanding his employer's reasonable accommodations, the record reveals that Appellant failed to perform his job as legitimately expected due to his excessive absenteeism. The record is uncontroverted that Appellant's attendance was a necessary component of his job and that although Appellant was given several opportunities to remedy his unacceptable attendance, he failed to do so. Accordingly, we affirm the district court's grant of summary judgment to the Appellee employer finding that Appellant failed to establish a prima facie case of discrimination. See Ennis v. National Ass'n of Business & Educ. Radio, Inc., 53 F.3d 55, 57-58 (4th Cir. 1995) (holding that the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), scheme used in Title VII cases applies to ADA claims; to establish a prima facie case of discrimination, a plaintiff must show at the time of discharge he was performing his job at a level that met his employer's legitimate expectations).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2